UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | | |
|---|---|---|---|
| Delbert Garland, Jr., | ) | Crim. No.: | 4:12-cr-00966-RBH-1 |
| | ) | Civ. No.: | 4:16-cv-01955-RBH |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | **ORDER** | |
| | ) | | |
| United States of America, | ) | | |
| | ) | | |
| Respondent. | ) | | |

This matter is before the Court on Petitioner Delbert Garland, Jr.'s motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *See* ECF No. 57. The Government has filed a motion for summary judgment. *See* ECF No. 60. The Court denies Petitioner's § 2255 motion and grants the Government's motion for summary judgment for the reasons herein.[1]

## Background

In February 2013, Petitioner pled guilty (without a plea agreement) to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). *See* ECF Nos. 2, 28, & 29. The presentence investigation report ("PSR") recommended that Petitioner receive a base offense level of 20 under U.S.S.G. § 2K2.1(a)(4)(A) because he had a prior South Carolina felony conviction for attempted purse snatching (a violation of S.C. Code Ann. § 16–13–150). *See* PSR at ¶¶ 16, 40. Petitioner's total offense level was 25, and based on a criminal history category of IV, his resulting advisory Guidelines range was 84 to 105 months' imprisonment. *Id.* at ¶ 72. In February 2014, the

---

[1] An evidentiary hearing is unnecessary because "the motion and the files and records of the case conclusively show that [Petitioner] is entitled to no relief." 28 U.S.C. § 2255(b); *see United States v. Thomas*, 627 F.3d 534, 538 (4th Cir. 2010).

1

Court adopted the PSR and sentenced Petitioner to 92 months' imprisonment followed by three years' supervised release. *See* ECF Nos. 47, 49, 50, & 52. Judgment was entered on February 26, 2014, *see* ECF No. 49, and Petitioner did not file a direct appeal.

On June 15, 2016, Petitioner (represented by counsel) filed the instant § 2255 motion.[2] *See* ECF No. 57. The Government filed a response in opposition and a motion for summary judgment. *See* ECF Nos. 59 & 60. Petitioner filed a response in opposition to the Government's motion for summary judgment. *See* ECF No. 62.

## **Legal Standard**

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. For a court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The district court need not hold an evidentiary hearing on a § 2255 motion if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see United States v. Thomas*, 627 F.3d 534, 538 (4th Cir. 2010). The determination of whether to hold an evidentiary hearing ordinarily is left to the sound discretion of the district court. *Raines v. United States*, 423 F.2d 526, 530 (4th Cir. 1970).

"When the district court denies § 2255 relief without an evidentiary hearing, the nature of the court's ruling is akin to a ruling on a motion for summary judgment." *United States v. Poindexter*, 492 F.3d 263, 267 (4th Cir. 2007). "The court shall grant summary judgment if the movant shows that there

---

[2] Petitioner did not file a prior § 2255 motion.

is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see generally* Rule 12 of the Rules Governing Section 2255 Cases ("The Federal Rules of Civil Procedure . . . , to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "The evidence must be viewed in the light most favorable to the non-moving party, with all reasonable inferences drawn in that party's favor. The court therefore cannot weigh the evidence or make credibility determinations." *Reyazuddin v. Montgomery Cty.*, 789 F.3d 407, 413 (4th Cir. 2015) (internal citation and quotation marks omitted).

## **Discussion**

Petitioner claims he is entitled to be resentenced in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), arguing his prior conviction for attempted purse snatching no longer qualifies as a crime of violence for purposes of the Sentencing Guidelines and therefore his base offense level would have been 14 instead of 20 (which would have resulted in a lower advisory Guidelines range).[3] *See* ECF Nos.

---

[3] "Sentencing for a felon in possession charge is governed by U.S.S.G. § 2K2.1, which sets . . . a base level of 20 if 'the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of . . . a crime of violence,' § 2K2.1(a)(4)(A)." *United States v. Donnell*, 661 F.3d 890, 892 (4th Cir. 2011) (second ellipsis in original). U.S.S.G. § 4B1.2(a) defines a "crime of violence" as used in § 2K2.1. Section 4B1.2(a)(2) formerly defined a crime of violence in part as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another [the "force clause"], or . . . is burglary of a dwelling, arson, or extortion, involves use of explosives [the "enumerated offense clause"], or otherwise involves conduct that presents a serious potential risk of physical injury to another [the "residual clause"]." U.S.S.G. § 4B1.2(a) (2013). This quoted text is the version of § 4B1.2(a) that was in effect at the time of Petitioner's sentencing in 2014. In *Johnson*, the Supreme Court held the identically worded residual clause of the Armed Career Criminal Act defining a violent felony was unconstitutionally vague. *See* 135 S. Ct. at 2555–57.

In 2016, the Sentencing Commission amended § 4B1.2(a), effective August 1, 2016, by, among other things,

3

57 & 62.

The Court must deny Petitioner's § 2255 motion for multiple reasons. First, a petitioner generally may not use 28 U.S.C. § 2255 to challenge the calculation of his advisory guideline range. *See United States v. Foote*, 784 F.3d 931, 935–36 (4th Cir. 2015); *United States v. Pregent*, 190 F.3d 279, 283–84 (4th Cir. 1999); *United States v. Mikalajunas*, 186 F.3d 490, 495–96 (4th Cir. 1999).

Second, the Supreme Court in *Beckles v. United States*—decided after Petitioner filed his § 2255 motion—declined to extend *Johnson* to the Guidelines, holding "that the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness." 137 S. Ct. 886, 895 (2017). Accordingly, Petitioner cannot seek relief under *Johnson*. *See, e.g.*, *United States v. Hill*, 717 F. App'x 273, 274 (4th Cir. 2018) (holding *Beckles* precluded the defendant from seeking relief under *Johnson* for an enhanced base offense level calculated under U.S.S.G. § 2K2.1(a)(4)(A)).

Finally, as the Government argues, Petitioner's § 2255 motion is untimely. Section 2255 motions are subject to a one-year statute of limitations, which begins running from the latest of, *inter alia*, "(1) the date on which the judgment of conviction becomes final" or, at issue here, "(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 18 U.S.C. § 2255(f). As indicated above, *Johnson* is inapplicable, and therefore the statute of limitations began running the date that Petitioner's judgment of conviction became final. "Where, as here, a defendant does not pursue a direct appeal, the conviction becomes final when the time expires for filing

---

deleting the residual clause and revising the "enumerated offense clause." The Commission explained that the change was made because of a lack of clarity in the residual clause that had prompted a significant amount of litigation, particularly after *Johnson*. Amend. 798, U.S.S.G. app. C, at 127–30 (Supp. Nov. 1, 2016).

4

a direct appeal." *United States v. Walker*, 194 F.3d 1307, 1999 WL 760237, at *1 (4th Cir. 1999) (unpublished table decision) (citing *Adams v. United States*, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999), and *Kapral v. United States*, 166 F.3d 565, 575 (3d Cir. 1999)). A criminal defendant must file a notice of appeal within fourteen days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A)(i). Petitioner did not file a direct appeal, so his judgment of conviction became final on March 12, 2014, which was fourteen days after judgment was entered. Petitioner filed his instant § 2255 motion over two years later in June 2016, and therefore it is untimely.[4]

For the above reasons, the Court will deny Petitioner's § 2255 motion and grant the Government's motion for summary judgment.

### Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In this case, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

### Conclusion

---

[4] Also, Petitioner has not demonstrated a circumstance warranting the extraordinary remedy of equitable tolling. *See generally Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) (discussing equitable tolling).

5

The Court **GRANTS** Respondent's motion for summary judgment [ECF No. 60] and **DENIES AND DISMISSES WITH PREJUDICE** Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [ECF No. 57]. The Court **DENIES** a certificate of appealability because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Florence, South Carolina  s/ R. Bryan Harwell
July 19, 2018  R. Bryan Harwell
 United States District Judge